Morris James LLP

Cortlan S. Hitch
302.888.6988
chitch@morrisjames.com

May 24, 2024

The Honorable William C. Bryson
United States District of Delaware
844 N. King Street, Unit 18
Wilmington, DE 19801-3570

Re: *DSM v. Honeywell, C.A. No. 23-cv-00675 (WCB)*

Dear Judge Bryson,

We write on behalf of the parties to the above-referenced action pursuant to Paragraph 11 of the Scheduling Order. D.I. 29 ¶ 11. The parties met and conferred on May 22, 2024, and had further email communications thereafter regarding the claim construction issues identified relating to the Asserted Claims of U.S. Pat. No. 10,280,532 (the "'532 patent"). The parties' respective positions regarding the constructions of certain terms are provided in the Joint Claim Construction Chart submitted herewith. The parties also have disputes regarding (1) whether certain terms should be addressed after expert discovery, and (2) how briefing on these terms, if addressed at the claim construction phase, should proceed.

In view of the outstanding disputes, the parties respectfully request a conference call with the Court to discuss modifications to the current briefing schedule. The parties' positions are reflected below.

**DSM Plaintiffs' Position.**[1] As far as DSM understands, Honeywell's indefiniteness contentions relate to the testing methodology for measuring the amount of pigment, residual spin solvent, and further constituents as recited in the claims. Honeywell has confirmed that its indefiniteness defense will not be limited to the intrinsic evidence. Honeywell intends to present expert testimony and has reserved the right to introduce testing data in support of its indefiniteness defense. Accordingly, the indefiniteness inquiry here will be fact intensive and more appropriate for resolution after DSM has been able to obtain sufficient discovery on the issue. *See Otsuka Pharm. Co. v. Zenara Pharma Private Ltd.*, No. 19-1938-LPS, 2021 U.S. Dist. LEXIS 139527, at *12 (D. Del. July 27, 2021) (Stark, J.) ("In some cases . . . resolution of indefiniteness as part of claim construction may be either impossible or inadvisable. Where, for example, there is a subsidiary factual issue, and the record reveals a genuine dispute of material fact, resolution may have to await further evidentiary development."). Similarly, whether the gel spinning term is

[1] DSM circulated their brief position statement to Honeywell before noon on Friday, May 24. Honeywell responded after 4 p.m. ET with nearly two pages supporting their position. To ensure the filing deadline is met, DSM will not respond to Honeywell's lengthy position in this letter and will argue their position at the status conference if the Court chooses to have one.

Morris James LLP

Cortlan S. Hitch
302.888.6988
chitch@morrisjames.com

entitled to patentable weight will also be the subject of expert testimony, and resolution of that issue is more appropriately resolved after expert discovery as well.

To the extent the Court deems it appropriate to resolve these issues at the claim construction phase in this case, the current briefing schedule severely prejudices DSM. DSM cannot reasonably address Honeywell's indefiniteness defense in its opening brief. And the schedule currently provides DSM only two weeks to reply to Honeywell's answering brief, including expert testimony and/or testing data in support of the same, and only one opportunity to address Honeywell's invalidity contentions. Given that Honeywell has the burden of proof on these issues, DSM proposes either (a) that Honeywell files the opening and reply briefs while DSM files the answering and sur-reply briefs; or (b) DSM be permitted additional time to file its reply brief after Honeywell's answering brief and to file a sur-sur-reply brief addressing only indefiniteness.

**Honeywell's Position.** Honeywell opposes DSM's decision to seek a new briefing schedule. Over six months ago the parties met and conferred to discuss a proposed schedule for this Case, which was jointly submitted to the Court on November 21, 2023. As reflected in that submission, the parties agreed as to both the timing and order for the claim construction submissions to the Court. Dkt. 28, pages 6–7. On November 27, the parties' agreed deadlines and the order of claim construction submissions were entered by the Court without modification. Dkt. 29.

As dictated by the schedule that was jointly submitted by the parties and entered by the Court, three weeks ago on May 3, 2024, the parties exchanged proposed claim constructions. As is very frequently the case in actions for patent infringement, Honeywell's submission included several indefiniteness issues that it intends to raise with the court as part of claim construction. On May 20, counsel for DSM contacted counsel for Honeywell to schedule a meet and confer which occurred on May 22.

During the meet and confer, Honeywell explained each of its indefiniteness positions in detail and DSM had every opportunity and did ask questions to fully understand Honeywell's positions. After the meet and confer, and despite having Honeywell's proposed constructions for many weeks, counsel for DSM indicated that indefiniteness should not be part of the claim construction process at all, and indicated for the first time that to the extent it is included the briefing schedule adopted by the Court, over six months ago, the order and timing of the parties' briefing should be changed.

As an initial matter, Honeywell submits that this Court should address the select indefiniteness terms as part of the claim construction procedures adopted in this case. Indefiniteness, as a subset of claim construction, is a question of law. *In re Packard*, 751 F.3d 1307, 1313 (Fed. Cir. 2014). Claims of indefiniteness are appropriately resolved as part of claim construction. *Prolitec Inc. v. Scentair Techs., LLC*, No. 20-984-WCB, 2023 U.S. Dist. LEXIS 223508, at *54 (D. Del. Dec. 13, 2023). This is consistent with practice in this Court. *See, e.g.*,

Morris James LLP

Cortlan S. Hitch
302.888.6988
chitch@morrisjames.com

*Impossible Foods Inc. v. Motif Foodworks, Inc.*, No. 22-311-WCB, Dkt. 414 at 2-5, 23-28 (D. Del. Mar. 22, 2024) (addressing indefiniteness at the Markman stage); *Alcon Inc. v. Padagis Israel Pharma.*, No. 22-1422-WCB Dkt. 81 at 7-13 (D. Del. Sep. 14, 2023) (same); *Heron Therapeutics, Inc. v. Fresenius Kabi USA, LLC*, No. 22-985-WCB, Dkt. 54 at 5-12 (D. Del. July 31, 2023) (same); *KOM Software Inc. v. NetApp, Inc.*, No. 18-160-WCB, Dkt. 116 at 10-11, 16-35 (D. Del. May 18, 2023) (same); *F45 Training Pty Ltd. v. Body Fit Training USA Inc.*, No. 20-1194-WCB, Dkt. 96 at 12-15 (D. Del. Feb. 22, 2022) (same); *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, Dkt. 226 at 10-21 (D. Del. June 25, 2021) (same).

DSM fails to articulate a compelling reason as to why the Court should deviate from the routine practice of considering indefiniteness during claim construction. Resolution of these issues has the potential to significantly narrow the case, and while expert testimony is extrinsic evidence, it is commonly relied on during the claim construction phase. As DSM well knows, expert testimony is relevant to whether the asserted claims of the ’532 patent fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). In addition, it was *DSM* that proposed constriction of the “obtained by gel spinning” term to be addressed during claim construction.

DSM cites *Ostuka Pharm. Co. v. Zenara Pharma Private Ltd.* to support its argument that the indefiniteness issue should not be briefed during claim construction. No. 19-1938-LPS, 2021 U.S. Dist. LEXIS 139527 (D. Del. July 27, 2021). *Ostuka* stands for no such argument. The Court in *Otsuka* deferred only the ultimate decision on indefiniteness. *Id*. at *15. After fully considering the parties’ arguments on indefiniteness, the Court determined that a subsidiary factual dispute existed. *Id*. at *14. Because the matter was scheduled for a bench trial, the Court decided it would benefit from a more complete record. *Id*. at *15. More importantly, the parties in *Ostuka* followed the same briefing schedule set forth here to address indefiniteness. *See generally id*. Dkt. 92 (showing plaintiff served opening/reply briefs and defendant served response/sur-reply briefs). The parties also provided competing expert declarations, and the Court held a claim construction hearing on the indefiniteness issue. *Id*. No. 19-1938-LPS, 2021 U.S. Dist. LEXIS 139527, at *5. The Court also agreed that “there is nothing inappropriate about deciding indefiniteness as part of claim construction.” *Id*. at *12-13. Indeed, *Otsuka* supports Honeywell’s position that briefing should be done now during claim construction according to the current schedule.

In addition, it would be highly prejudicial for the Court to change the briefing schedule over six months after it was adopted by the Court, and only weeks from the deadline for opening briefs. Honeywell has abided by the schedule and its obligations to DSM and the Court, and does not believe that it is appropriate for DSM to attempt to change the Court’s briefing schedule at this late stage, particularly to the extent that it is based on a term that *DSM* proposed for construction. Honeywell would be prejudiced if it was required to file its opening brief only weeks before the deadline in the Court’s current schedule. However, Honeywell does not oppose extending the deadline for the reply and sur-reply each by two weeks.

Morris James LLP

Cortlan S. Hitch
302.888.6988
chitch@morrisjames.com

***

The parties are available at the Court's convenience for a conference, if necessary, or if the Court has any questions or concerns.

Respectfully,

*/s/ Cortlan S. Hitch*

Cortlan S. Hitch (#6720)

Cc: all counsel of record via e-filing